# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JEWEL FOOD STORES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 04 C 8139<br>) District Judge Gottschall<br>) Magistrate Judge Schenkier<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Equal Employment Opportunity Commission, has filed a motion to compel defendant, Jewel Food Stores, Inc., to respond fully to Plaintiff's Interrogatories Numbers 5, 6 and 9 (doc. # 39). For the reasons discussed below, the Court grants the motion to compel.

### I.

We begin by setting forth the interrogatories in dispute. Interrogatory No. 5 states as follows:

> Identify each communication (oral or written) (see Definition No. 5)[1] since April 1, 2001, Defendant has had with any person concerning any alleged discrimination or harassment of any employee of Defendant at its Orland Park Store. Fully describe the action (including investigation or disciplinary action), if any, taken by Defendant resulting from the communication, the date(s) of the action, and identify all documents relating thereto.

Interrogatory No. 6 states as follows:

> Identify each person who may have knowledge or information supporting or relating to any of the allegations, claims or defenses asserted in this case and for each person describe in detail what knowledge or information each person is believed to have.

---

[1] Definition No. 5 provides that "identify" when used in regard to a communication includes providing the substance of the communication.

Interrogatory No. 9 states as follows:

> Identify . . . each person from whom Defendant has obtained a statement, affidavit or the like, written or otherwise, concerning any act, circumstance or event related to any claims or defenses in this case and for each such statement provide the substance of the statement and identify the custodian thereof.

In responding to these (and other) discovery requests, Jewel has disclosed interviews of persons conducted by Jewel's Human Resources personnel concerning the allegations of sexual and racial harassment set forth in the EEOC complaint, as well as information obtained in those interviews. However, Jewel has withheld the names of the persons who have been interviewed by Jewel's counsel (rather than by Human Resources personnel) in connection with the allegations in this case, and has failed to disclose the information that those persons possess concerning the allegations in the case. In its motion to compel, the EEOC asks for an order compelling Jewel "to comply fully with Interrogatory Nos. 5, 6, and 9 by identifying the individuals whom it has interviewed and providing the facts it obtained from them" ( EEOC's Motion at 9).[2]

Although Jewel raises a number of objections to the interrogatories, the core objection by Jewel is that disclosure of that information would invade the work product of Jewel's counsel. We reject Jewel's objections to disclosure.

### A.

Because we consider the work product issue to be the most significant objection raised by Jewel, we start our discussion by addressing that issue. The attorney work product doctrine provides protection for materials prepared by an attorney in anticipation of litigation, sheltering "the mental

---

[2] We view this as the only remaining issue raised by the EEOC's motion. Although the motion originally complained that Jewel had not fully identified a person described as "Cindy L/N/U" or provided contact information for her (EEOC's Motion at 3), Jewel states that it has since provided that information (Jewel's Mem. at 6 n.5), and the EEOC does not address the point further in its reply.

processes of the attorney, [and] providing a privileged area within which [s/]he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Thus, opinions formed by the attorney as part of the mental process of analyzing a case are protected from disclosure. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

However, the work product doctrine, which "provides an exception to the otherwise liberal discovery rules," *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 215 (N.D. Ill. 2001), does not protect factual information that a lawyer obtains when investigating a case:

> [i]t is settled law... that the work product concept furnishe[s] no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.

*Board of Edu. of Evanston, Twnsp. High Sch. Dist. No. 202 v. Admiral Heating and Ventilating, Inc., et al.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984) (citing 8 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2023, at 194 & n.16 (1970)). In other words, "a party may properly 'inquire into the identity and location of persons having knowledge of relevant facts,'" but "the party may not do so in a fashion that effectively infringes upon the opposing attorney's preparation of [the] case for trial." *Admiral Heating*, 104 F.R.D. at 32.

In this case, the EEOC's interrogatories fall on the side of seeking permissible factual information, and not impermissibly seeking mental impressions. Interrogatories Nos. 5, 6 and 9 (albeit in different and somewhat overlapping ways) ask only for factual information: the identities of persons who have information or who have made statements relating to the claims or defenses in the case, the substance of the information they possess, and the statements they have made. The

3

interrogatories do not ask Jewel to disclose what particular questions its attorneys asked during any interviews, or anything about its counsel's analysis of the witnesses or the factual information they provided (or did not provide). Nor do the interrogatories ask Jewel to categorize what information might be helpful or harmful to the claims or defenses of the parties. They simply ask for information "concerning (Interrogatory No. 5), supporting *or* relating to" (Interrogatory No. 6) (emphasis added), or "related to" (Interrogatory No. 9) the allegations, claims or defenses. That kind of factual information is routinely sought in discovery, and may not be withheld from production on the basis of work product.

Jewel argues that it should not be required to answer the interrogatories, because it cannot "separate the underlying facts from counsel's mental processes, impressions and strategies" (Def.'s Mem. at 6). That is a make-weight argument. Competent counsel routinely obtain information through interviewing witnesses and reviewing documents, and are able to provide interrogatory responses that set forth only that factual information without revealing "mental processes, impressions and strategies." We expect Jewel's counsel to be able to do so as well.

Jewel further argues that merely disclosing whom its attorneys interviewed will invade the attorneys' mental processes, by revealing the persons whom Jewel's attorneys deemed important enough to interview (Jewel's Mem. at 7). However, we think that the fact that Jewel (or its counsel) has talked to certain persons who are potential witnesses, without more, reveals little or nothing about which witnesses Jewel considers important. We note that a substantial body of case law holds that the work product doctrine does not protect from production documents that attorneys obtain from third parties during their investigation in connection with a lawsuit. *See, e.g., In re Grand Jury Subpoenas Dated October 22, 1991 and November 1, 1991*, 959 F.2d 1158, 1166 (2d Cir. 1992);

*Bohannon v. Honda Motor Co., Ltd.*, 127 F.R.D. 536, 539-41 (D. Kan. 1989). The reasoning of these cases is that the mere assembly of documents, without more, does not indicate that the attorney placed special weight on those documents as opposed to documents that were not obtained, and does not reveal which of the assembled documents the attorney deems important. We think that reasoning applies here as well. A witness may not be interviewed for a number of reasons that do not bear on his or her importance. Moreover, a witness who has been interviewed may turn out to be unimportant, while a witness who has yet to be interviewed might be critical.

In addition, Jewel's argument ignores that the interrogatories themselves do not seek to discover the persons whom Jewel's attorneys interviewed and what they said. The interrogatories asked only for disclosure of persons with knowledge (and a description of what they know), and of persons whom Jewel communicated with or took statements from in connection with the claims or defenses in this case. The interrogatories did not ask that Jewel distinguish between those persons who were interviewed by counsel, and those who were interviewed by others at Jewel (such as, personnel from the Human Resources Department). It is only because Jewel decided to object to the interrogatories that answering them now might make this distinction clear. If so, then that is a wound that Jewel has inflicted on itself. We will not hold the EEOC's interrogatories improper simply because of a strategic choice that Jewel elected to make.

In support of its work product objection, Jewel cites *Admiral Heating*, in which the court held that defendants were not required to answer an interrogatory that asked it to disclose the people whom defendants interviewed concerning the claims in the case, and the circumstances of the interviews. 104 F.R.D. at 32. The court reasoned that answering this request would provide more than factual information, and would give plaintiffs "the potential for significant insights into the

5

defense lawyers' preparation of their case." *Id.* We have considered this analysis, and with respect, part company from it. As the *Admiral Heating* court recognized, 104 F.R.D. at 32, in response to an interrogatory a defendant must identify those persons with knowledge of discoverable information, and what that information is. Unlike *Admiral Heating* court, we do not believe that a discovery request that asks who has been interviewed and what they said runs afoul of the work product protection, at least where the request does not ask who conducted the interview. Here, the EEOC's interrogatories do not cross that line, because the interrogatories do not ask whether it was Jewel's lawyers or instead someone else at Jewel who had communications with persons (Interrogatory No. 5) or took statements from them (Interrogatory No. 9) concerning the claims or defenses in the case.

In support of its work product objection, the EEOC also cites *Stone Container Corp. v. Arkwright Mutual Ins. Co.*, No. 93 C 6626, 1995 WL 88902 (N.D. Ill. 1995), and *Stokes v. Renal Treatment Centers-Illinois, Inc.*, No. 4:97CV2420 CDP, 1998 U.S. Dist. LEXIS 21022 (E.D. Mo. 1998). Neither of those decisions advances the EEOC's position.

In *Stone Container*, a party sought documents selected by his adversary's attorney to help his client (rather than a neutral witness) to prepare for a deposition. The district court found that production of the selected documents used by the attorney prior to the deposition was protected by the work product doctrine. Relying on *Sprock v. Peil*, 759 F.2d 312, 315 (3rd Cir. 1985), the *Stone Container* court held that "the selection process itself represents defense counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation." *Stone Container*, 1995 WL 88902, at *4. Noting some disagreement with this holding, the district court found that the documents the attorney selected before a deposition to

show his client had already been produced. This was a key fact for the *Stone Container* court because assertion of the work product privilege was not being used to deprive the party who sought the documents of discoverable information. Moreover, the *Stone Container* court found a substantive distinction between selection of specific documents from a larger group, and production of the documents in a context that did not reveal the selection. 1995 WL 88902, at * 4. Thus, the court found that the attorney withholding the documents should not be required to reveal, prior to the deposition, the particular documents selected by the attorney to prepare his client. *Id.*

In *Stokes,* the dispute centered on whether the plaintiff's counsel had to reveal contacts with employees and former employees of the defendant, together with the information she obtained from them. Defendant served plaintiff with an interrogatory requiring her to "state whether you or anyone acting on your behalf is aware of and/or has obtained a statement from defendant or any of its employee(s), agent(s) or representative(s) concerning matters alleged in the complaint." The plaintiff's counsel admitted that she had obtained signed statements from five of defendant's current and former non-managerial employees, but she refused to specifically identify these employees on the grounds that this information was protected from disclosure by the attorney-work product doctrine. *Id.* at * 4-5. However, in response to other interrogatories, plaintiff identified all persons whom she believed have knowledge of the matters alleged in the complaint and described with particularity all facts supporting her allegations. *Id.* at * 3. In opposing the motion to compel, plaintiff's counsel also disclosed the job titles of the employees who were interviewed, the person who interviewed them, and the dates upon which the statements were obtained and signed. *Id.* at *3-4. The defendant, nonetheless, maintained that plaintiff should be required to specifically identify the five current and former employees that plaintiff's counsel selected to interview. *Id.* at * 4.

The *Stokes* court disagreed. *Id.* at * 6. The court reasoned that the plaintiff's counsel had already produced the discoverable information to defendant when she disclosed all persons having knowledge of the matters raised in her complaint and all facts supporting those allegations. *Id.* at * 3. Thus, invocation of the attorney work product doctrine was used to shield plaintiff's counsel's selection of certain witnesses to prepare her case, and not to prevent disclosure of basic factual information. *Id.* at *5-6.

The lesson we draw from *Stone Container* and *Stokes* is that where the discoverable information – the underlying principal and material facts related to the allegations – has already been produced in some manner (either through prior document production or through Rule 26 disclosures or by answering interrogatories about persons with knowledge and the substance of that knowledge), then the answering party does not need to disclose the identity of witnesses it has chosen or documents it has selected to review to prepare its case. But, these cases do not hold that work product can shield otherwise discoverable information from production where it has not already been produced (such as the identity of persons who have knowledge or information relevant to plaintiffs claims); nor do these cases stand for the proposition that the underlying principal and material facts related to the allegations in the complaint do not need to be produced.

In addition, these cases are each distinguishable from the situation presented here on other grounds. The *Stone Container* decision applied the "compilation and selection" doctrine from *Sprock*, which is a narrow exception to the more general rule that documents obtained by an attorney from third parties are not work product. *See In Re Grand Jury Subpoenas Dated March 19 and August 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003). In this case, Jewel is not being asked to provide some select subset of the interviews conducted or statements obtained, and thus the compilation and

selection doctrine does not apply here. And, in *Stokes*, the plaintiff in fact disclosed the names of persons who were interviewed, which Jewel has declined to provide, as well as identity of the persons conducting the interviews, which goes beyond the information that the EEOC's interrogatories sought.

For all of these reasons, we are unpersuaded that the interrogatories at issue invade the work product of Jewel's attorneys. Accordingly, we reject Jewel's work product objection.

**B.**

We now turn to the other objections raised by Jewel to Interrogatories Nos. 5, 6 and 9. We have considered those objections, and we conclude that those objections are without merit.

*First*, Jewel argues that the EEOC already has agreed to modify Interrogatory No. 5, and that it has answered the interrogatory as modified (Jewel Mem. at 3-4 and n.4). The EEOC denies that there was an agreement to modify that interrogatory. The EEOC states that while it had proposed a modification, Jewel rejected the proposal in a letter of July 26, 2005, and then changed course and purported to accept the proposal in a letter dated August 11, 2005 – the same day on which the EEOC filed this motion (EEOC Reply at 4-5 and Ex. A). Having reviewed the correspondence, we agree with the EEOC, and reject Jewel's argument.

*Second*, Jewel argues that all of the interrogatories are improper because they seek information from the interviews or communications that is not "relevant or reasonably calculated to lead to the discovery of admissible evidence" (Jewel Mem. at 2). That argument is without merit, as each of the interrogatories seeks only information that concerns or relates to the allegations, claims or defenses in the case. It is hard to see what could be more relevant than information about those subjects.

*Third*, Jewel claims that by seeking information "supporting or relating to . . . allegations, claims or defenses," Interrogatory No. 6 contravenes the mandatory disclosure requirement in FED. R. CIV. P. 26(a)(1), which more narrowly requires a party to disclose only the witnesses and documents that a party "may use to support its claims or defenses" (Jewel Mem. at 4-6). This argument conflates what a party must disclose at the beginning of a case, without being asked, and what a party must disclose in response to a discovery request. The mandatory requirement in Rule 26(a)(1) that a party disclose the information it may use to advance a claim or defense does not exempt a party from the obligation to disclose, in response to a discovery request, other information that may hurt its case. There is no "bad information" exception to the obligation to respond to discovery requests.

*Fourth*, Jewel argues that providing information in response to these interrogatories "could constitute an admission of relevance" of the information provided (Jewel Mem. at 6). This is another make-weight argument; indeed, we are not aware of Jewel raising this argument in connection with other information it has provided in discovery. In any event, the EEOC disavows, as it must, any intent to argue that the production of information concedes relevance (EEOC Reply Mem. at 5). Since the concept of relevance is different for purposes of discovery than for admissibility at trial, production of information in discovery "is not a concession or determination of relevance for purposes of trial." *Abel Investment Co. v. United States*, 53 F.R.D. 485, 488 (D. Neb. 1971) (*quoting* Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.D. 487, 498 (1970)).

*Fifth*, Jewel argues that Interrogatory No. 6 is overly broad and unduly burdensome, because "it asks Jewel to provide – in response to one interrogatory – a detailed narrative of each fact that

the EEOC may want to use to prove its case" (Def.'s Mem. at 7).[3] We think this objection overstates the scope of the interrogatory. Interrogatory No. 6 does not seek a description of every fact or document relating to the claims in the case; it seeks to discover who has knowledge relating to the case, and to learn what it is that they know. In that respect, Interrogatory No. 6 is distinguishable from the discovery requests at issue in the cases cited by Jewel, which involved requests for all facts, witnesses and documents supporting a particular allegation in the case, *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403 (D. Kan. 1998), or all claims in the case. *Hilt v. SFC Inc.*, 170 F.R.D. 182, 188 (D.Kan. 1997).

The kind of information sought in Interrogatory No. 6 is commonly sought through interrogatories. And, providing this kind of information through interrogatories can have the salutary effect of streamlining discovery, by providing the requesting party with information that will allow that party to decide which people with knowledge are necessary to depose. The use of interrogatories to limit or narrow the use of more costly deposition discovery is in line with the goal of "secur[ing] the just, speedy, and inexpensive determination" of lawsuits. FED. R. CIV. P. 1.

The line that separates an interrogatory that seeks enough information to serve this useful purpose, and one that seeks so much information as to be unduly burdensome, is not always crystal clear. Here, Interrogatory No. 6 is framed broadly, using terms such as "each person" and "any of the allegations, claims or defenses asserted in this case." However, any concerns that we otherwise might have with the framing of that interrogatory are dispelled when we read that interrogatory

---

[3] In a letter (EEOC's Motion, Ex. A), Jewel asserted that providing facts obtained in its investigation of this case "requires a narrative answer more appropriate for deposition testimony." This argument has not been included in defendant's response to plaintiff's motion, and for good reason. "Interrogatories are not improper simply because the same information can be obtained by use of a different discovery procedure." *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 256, 259 (N.D. Ill. 1979); *Alden v. Wilson Jones Co.*, No. 86 C 3884, 1987 WL 18339 (N.D. Ill. 1987) (citing 8 Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 2169).

together with Interrogatories Nos. 5 and 9, and in light what the EEOC seeks in its motion to compel with respect to all three interrogatories: responses "identifying the individuals whom [Jewel] has interviewed and providing the facts it obtained from them" (EEOC Motion at 9). That kind of information is discoverable, *see, e.g., Stokes v. Renal Treatment Centers-Ill., Inc.*, No. 97CV2420, 1998 U.S.Dist. LEXIS 21022, * 6 (E.D. Mo. 1998) (defendant entitled to discover identity of employees with knowledge or who gave statements to plaintiff); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) (interrogatories seeking substance of communications related to plaintiff's claims held proper), and must be produced by Jewel here.

## CONCLUSION

The plaintiff's motion to compel (doc. # 39) is granted. Jewel is ordered to supplement its responses to Interrogatories Nos. 5, 6, and 9 by identifying the individuals whom it has interviewed and providing the facts it obtained from them. Jewel is ordered to provide these supplemental responses by the close of business on September 30, 2005.[4]

**ENTER:**

/s/ Sidney I. Schenkier

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: September 13, 2005**

---

4 The EEOC has indicated that it will provide the same information to Jewel, and in fact, has already provided that information for one person it has interviewed (at the Court's direction) in order to facilitate efforts by the parties to resolve by agreement the issues raised by the motion (*see* Jewel Mem., Ex. 3). Our order today also requires the EEOC to provide this information for all persons it interviewed by September 30, 2005.